FITZGERALD *v.* MOBLEY, superintendent of banks.

HINES, J. 1. Where the superintendent of banks, after having partially liquidated the affairs of an insolvent bank, invited bids for the remaining assets of the bank, as per an inventory and appraisal of such assets; and where a bidder made an offer to purchase "all the undisposed assets" of the bank "consisting of all items as set forth in the appraisal" aforesaid, and of "all and any other assets that may be revealed" of the bank, at a gross sum, said inventory and appraisal including among the unpledged notes receivable of the bank one of Fenn Farms for $240, and among the pledged notes receivable of the bank one on Fryar Farms for a given amount, both being listed as worthless; and where, after the acceptance of said bid and the sale of said assets had been approved by the judge of the superior court, the superintendent of banks conveyed to the bidder "all notes and bills receivable of every description remaining, as well as furniture and fixtures belonging to said bank, and all and singular the personal property of every description and character belonging to said bank which has not been pledged by said bank as security for money, and all and singular the assets of said Bank of Rochelle of every description, including all right, title, and interest or equity the bank . . may have in and to any and all notes pledged to any bank or banker as security for borrowed money, subject, however, to the claim of the holders of said several notes for any amounts that may be due them for which said notes were given as collateral security, '. . it being understood by the purchaser that there has been a few items of bills receivable collected during the progress of this sale, for which" the purchaser "has had the proceeds thereof credited upon the purchase-price, such items . . so settled and adjusted , . not included in this sale;" and where, at the time of the said sale of the assets of the bank to the purchaser, a liquidating agent of the superintendent of banks had collected the Fenn Farms note of $240, and $125.93 on the equity of the bank in the Fryar Farms note, but had failed to account

for said collections, the superintendent of banks and the purchaser both being ignorant, at the time the sale was consummated, that the liquidating agent had made said collections; and where after the consummation of the sale the purchaser discovered that said collections had been made, and reported them to the superintendent, who received the proceeds of such collections, but on demand refused to turn the same over to the purchaser; *Held:*

(a) The conveyance of the superintendent of banks was intended to convey and did convey to the purchaser the Fenn Farms note and the equity of the bank in the Fryar Farms note; and the superintendent of banks became and is liable to the purchaser for the proceeds of such notes which had been collected by the agent of the former prior to the sale, the purchaser and the superintendent both being ignorant of such collection at the time of the sale of said notes to the purchaser.

(b) The court erred in not granting a mandamus absolute, requiring the superintendent to pay the proceeds of the collections made on said notes to such purchaser. *Judgment reversed. All the Justices concur.*

No. 6975. APRIL 13, 1929.

*Hal Lawson,* for plaintiff. *C. N. Davie, O. A. Park,* and *J. F. Kemp,* for defendant.